### RICHARD v RICHARD

Ohio Appeals, 2nd Dist, Franklin Co

No 2569. Decided March 28, 1936

Schwartz & Gurevitz, Columbus, for plaintiff in error.

Stanford L. O'Hara, Springfield, for defendant in error.

## OPINION

By THE COURT

The above entitled cause is now being determined on defendant in error's motion to dismiss the petition in error.

The motion in its entirety, omitting the caption, reads as follows:

"Now comes the defendant in error, Elsie H. Richard, by her attorney, Stanford L. O'Hara, and moves the court to strike the petition in error of the plaintiff in error from the files on the ground that the motion for a new trial was not filed within three days after the judgment entry was filed in the original cause as required by statute."

The filing of a motion for new trial is not, under the statute, made a condition precedent to the filing of a petition in error. Under certain conditions, the failure to file motion for new trial within the statutory time precludes a reviewing court from considering certain factual questions and issues.

If counsel desire, this question may be properly raised upon the merits. Again, the state of the record may be such that the court would be confined to the sufficiency of the pleadings.

However, in the final analysis a reviewing court does not dismiss on motion, but rather enters judgment on the merits, confining its inquiries on the several specifications of error within legal limitations.

Townsend v Harrison, 58 Oh St, 398.

The Cleveland Grocers Assn. v Exton, 18 C. C., 315.

Motion to dismiss the petition in error will be overruled, and defendant in error given fifteen days within which to file answer brief. In the answer brief counsel may point out the limitations on review by reason of the failure of plaintiff in error to file motion for new trial within three days, as prescribed by law.

Plaintiff in error may file reply within five days after receiving copy of answer brief.

Exceptions will be allowed to the defendant in error.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.